**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES – GENERAL**

Case No. EDCV 15-2186-DOC (DTBx)            Date: December 16, 2015

Title: ISIDRA AGUILERA V. TARGET CORPORATION ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Goltz | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is Plaintiff's Motion for Remand to State ("Motion") (Dkt. 10). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' argument, the Court hereby REMANDS the case to Riverside County Superior Court.

**I.    Background**

On September 18, 2015, Plaintiff Isidra Aguilera ("Aguilera" or "Plaintiff") commenced an action in Riverside Superior Court against Defendant Target Corporation ("Target") and against Maria Hinojosa ("Hinojosa"), Deanna Flores ("Flores"), and Donnie Atkins ("Atkins") (collectively, "Individual Defendants"). *See* Complaint (Dkt. 1-1). Plaintiff's Complaint alleges eleven claims**:** (1) wrongful termination in violation of public policy; (2) denial of pregnancy disability leave/failure to accommodate pregnancy, (3) violation of California pregnancy disability law, (4) sex discrimination and harassment in violation of California Government Code § 12900 *et seq*. ("FEHA"), (5) violations of California Labor Code §§ 98.6, 201, 203, 208, 215, 226.7, 510(a), 512, 1102.5(c), 1102.6, 2856, 6310, 6311, 6400, and 6401, (6) fraud, (7) retaliation, (8) negligent infliction of emotional distress, (9) intentional infliction of emotional distress ("IIED"), (10) unfair business practice in violation of Business & Professions Code §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. EDCV 15-2186-DOC (DTBx) | Date: December 16, 2015 |
| | Page 2 |

17200 *et seq.*, and (11) civil extortion. *See generally* Compl. Aguilera brought all claims against Defendant Target. *Id.* Aguilera's FEHA, fraud, and intentional infliction of emotional distress claims were also brought against all of the Individual Defendants. *See id.* ¶¶ 55, 86, 116. Finally, Plaintiff also brought a civil extortion claim against Defendant Flores. *See id.* 136.

Plaintiff is a citizen of California. *Id.* ¶ 1. Defendant Target is a citizen of Minnesota. *Id.* ¶ 2. The Individual Defendants are all citizens of California. *Id.* ¶¶ 3, 4, 5.

Defendant Target removed the case to this Court on October 23, 2015. Notice of Removal (Dkt. 1). In the Notice of Removal, Target argues the Individual Defendants' California citizenship does not defeat diversity jurisdiction because it is legally impossible for Plaintiff to prove any of her claims against the Individual Defendants and, therefore, the Individual Defendants were fraudulently joined. *Id.* at 4–9.

Aguilera filed the instant Motion on November 13, 2015 (Dkt. 10). Target opposed on November 23 (Dkt. 12), and Aguilera replied on November 30 (Dkt. 13).

**II.    Legal Standards**

   **A.    Removal**

Removal of a case from state to federal court is governed by 28 U.S.C. § 1441, which provides in pertinent part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." The removing defendant must file a notice of removal in the appropriate United States District Court, together with all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446(a). Notice of removal must be filed within 30 days of receiving a copy of the original complaint, or "within 30 days after the service of summons upon the defendant, if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). Remand may be ordered for lack of subject matter jurisdiction or any defect in the removal procedure. 28 U.S.C. § 1447(c).

To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand. *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheet*, 313 U.S. 100, 108–09 (1941)). If there is any doubt as to the right of removal in the first instance, remand must be ordered. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

"The party seeking removal bears the burden of establishing federal jurisdiction." *Id.*; *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

### B.　Fraudulent Joinder

"[O]ne exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001). Fraudulent joinder occurs where "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (quotation omitted). "If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary." *Hugais v. Sara Lee Corp.,* NO. C13-2368 THE, 2013 WL 3929141, at *2 (N.D. Cal. July 26, 2013). Framed another way, "a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder challenge." *Rieger v. Wells Fargo Bank, Nat. Ass'n,* No. 3:13-0749-JSC, 2013 WL 1748045, at *3 (N.D. Cal. Apr. 23, 2013) (citation omitted). There is well-established "presumption against finding fraudulent joinder." *Piute v. Roadway Package Sys., Inc.,* 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

### III.　Discussion

In order to defeat complete diversity, Aguilera need only demonstrate one viable claim against one of the Individual Defendants. Target argues that Aguilera "cannot possibly recover" against the Individual Defendants on any of her claims. Opp'n at 14. Specifically, Target contends "Plaintiff may not recover against Hinojosa, Flores, or Akins individually because her harassment claim is, in fact, a claim for workplace discrimination, Plaintiff's common law IIED and fraud claims are based solely on personnel management decisions and are barred by workers' compensation exclusivity, and her civil extortion claim does not and cannot meet the requisite requirements to state a claim against Flores." *Id.* at 6.

The Court will first consider whether Plaintiff has a potentially valid IIED claim against the Individual Defendants. Under California law, "the elements of the tort of intentional infliction of emotional distress are (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 15-2186-DOC (DTBx)                                      Date: December 16, 2015
                                                                                                                                 Page 4

(1991). The defendant's conduct must "be directed at the plaintiff or [take place] in the presence of the plaintiff." *Smith v. Pust*, 19 Cal. App. 4th 263, 274 (1993).

      Generally, "employer-based actions causing emotional distress are preempted by the WCA [Worker's Compensation Act] since they are part of the normal risk of employment" *Tone v. Wal-Mart Stores, Inc.*, No. 14cv2643-LAB (DHB), 2015 WL 4658564, at *2 (S.D. Cal. Aug. 5, 2015) (internal quotation marks and citations omitted). The California Supreme Court has recognized two exceptions to this rule, however. *Id.* The WCA does not bar an IIED claim "where an employer's conduct exceeds the risks inherent in the employment relationship or where the employer's actions are in violation of a fundmamental public policy of the state of California." *Grotz v. Kaiser Found. Hosps.*, No. C-12-3539 EMC, 2012 WL 5350254, at *10 (N.D. Cal. Oct. 29, 2012).

      In analyzing the first exception, courts have found that misconduct related to "demotions, promotions, criticisms of work practices, and frictions in negotiations as to grievances" are within the risks inherent in the employment relationship; thus, the exclusivity rule bars emotional distress claims based on such conduct. *Langevin v. Federal Exp. Corp.*, No. CV 14-08105 MMM (FFMx), 2015 WL 1006367, at *8 (C.D. Cal. Mar. 6, 2015). However, "[n]either discrimination nor harassment is a normal incident of employment." *Tone*, 2015 WL 4658564, at *2 (quoting *Nazir v. United Airlines*, 178 Cal. App. 4th 243, 288 (2009)).

      Thus, the key inquiry here is whether Plaintiff's allegations concerning the Individual Defendants' actions were "risks inherent in the employment relationship," or whether they exceeded the normal risks of employment. Target contends "[t]he actions of the Individual Defendants plainly qualify as personnel management decisions, and they therefore cannot be held liable for them individually." Opp'n at 8.

      The Court disagrees with Target's characterization of the alleged facts. In her Complaint, Aguilera alleges, *inter alia*, that:

- Defendant Hinojosa forced Plaintiff to forego statutorily mandated rest breaks. Compl. ¶ 12.

- Defendant Hinojosa failed to train Plaintiff on new company policies after Plaintiff returned from maternity leave. *Id.* ¶ 13.

- Defendant Hinojosa was involved in forcing Plaintiff to lift heavy objects while she was pregnant, against the advice of her doctor, even though Plaintiff informed Defendant Hinojosa of her doctor's advice. *Id.* ¶ 15.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. EDCV 15-2186-DOC (DTBx)                                                Date: December 16, 2015
                                                                                                                                                         Page 5

- Defendant Atkins told Plaintiff she was no longer allowed to have a water bottle by her cash register despite the fact that Plaintiff was pregnant and had informed Defendant Atkins of her doctor's advice to drink "plenty of water during the day." *Id.* ¶ 17.

- Defendant Hinojosa made comments to Plaintiff about her impending maternity leave that made her uncomfortable and added to her stress. *Id.* ¶ 18.

- Defendant Flores was confronting Plaintiff because Plaintiff had allegedly caused $950.00 by improperly accepting too many coupons. *Id.* Defendant Flores "told the Plaintiff that she did not care if Plaintiff got sick from being pregnant" when confronting Plaintiff about an incident. During the course of the confrontation, Defendant Flores threatened to call law enforcement. *Id.* As a result of this encounter, Plaintiff "started crying and felt humiliated, embarrassed, anxious, stressed and intimidated by Defendant Flores." *Id.*

- Plaintiff alleges that she was the only employee disciplined for accidentally accepting too many coupons, even though at least three other Target cashiers had done the exact same thing. *Id.* ¶ 21. Plaintiff alleges she was singled out and ultimately "terminated on July 1, 2015 in retaliation for being pregnant, requiring a reasonable accommodation, her complaints about her health and safety as well as about as the unborn baby's health and safety for having to work without the reasonable accommodation, complaints about failure to receive all her rest breaks, and for complaining about Defendant Hinjosa's harassment, including her refusal to train Plaintiff and to force her to lift heavy objects." *Id.*

     Based on a review of these detailed allegations, the Court is hard-pressed to classify the individual Defendants' actions as merely "personnel management decisions." Rather, the Court agrees with Plaintiff that "[i]t is simply not a 'known risk' of employment that an employee may be fired for complaining about not getting rest and meal periods and being forced to jeopardize a pregnancy," Mot. at 12.; *see Hugais*, 2013 WL 3929141, at *3 ("These actions are not personnel management actions of the type identified in the discrimination cases."). Taken together, the above allegations raise an inference that the Individual Defendants harassed Plaintiff or discriminated against her on the basis of her pregnancy.

     Further, several courts have found that intentional infliction of emotional distress claims based on pregnancy discrimination "are not barred by the exclusivity provisions of the Workers' Compensation Act." *See, e.g.*, *Hattox v. State Farm Mut. Auto Ins. Co.*, Civil No. 12cv2597-AJB (KSC), 2013 WL 314953, at *6 (S.D. Cal. Jan. 25, 2013). After

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. EDCV 15-2186-DOC (DTBx)                                                      Date: December 16, 2015
                                                                                                                                                                Page 6

all, "California case law is replete with cases where conduct of the employer or one of its agents or employees is so outside the bounds of conduct tolerated by a decent society that it may give rise to a claim for intentional infliction of emotional distress." *Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1178 (N.D. Cal. 2003).

Based on the foregoing, Target fails to show there is no possibility that state liability would impose on the Individual Defendants in this case. Because Plaintiff states an IIED claim against the Individual Defendants, the Court need not consider Plaintiff's other claims. The Court notes that even if Aguilera had not adequately stated an IIED claim against the Individual Defendants, Target "must still show that it would be impossible for her to amend her complaint to allege a viable claim." *Tone*, 2015 WL 4658564, at *3. Target cannot meet that demanding standard here. As such, Target has not demonstrated the Individual Defendants were fraudulently joined. Therefore, the Court cannot disregard the Individual Defendants' citizenship in evaluating whether diversity jurisdiction exists.

### IV.    Disposition

Because Plaintiff and the Individual Defendants are all citizens of California, diversity jurisdiction is lacking in this matter. Accordingly, the Court GRANTS the Motion and REMANDS this action to the Superior Court of California, County of Riverside, Case Number PSC 1504362.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                                   Initials of Deputy Clerk: djg
CIVIL-GEN